Milligan, J.,
delivered the opinion of the Court.
The sole question presented in this record, is, whether the Court erred in dismissing the petition of the plaintiff in error, for a certiorari.
The judgment before the Justice, was rendered on the 28th of June, 1866, and execution thereon was stayed by order of one W. J. Frey; and on the 26th of February, 1867, nearly eight' months thereafter, application was made to remove the cause, by certiorari, into the Circuit Court, for a trial de novo, on the ground that the judgment was founded upon a note which had been given for a horse to be used in the Rebel Army.
The note appears to have been given in 1861, for $120, and due and payable at twelve months from date.
*103 The petition for certiorari alleges that the petitioner, at the trial before the Justice, knew all about the facts relied on, as forming the ground of merits in the petition; and that the plaintiff below also knew the same facts; but, petitioner did not know at that time, that he could prove plaintiff’s knowledge of the service for which the horse was purchased, or he would have appealed. But he has since ascertained, that he can prove that fact, and therefore, he has applied to remove the cause to the Circuit Court, for a new trial.
Now, are these averments in the petition sufficient to justify this Court in reversing the action of the Circuit Court, in dismissing the certiorari ? We think not. It is a well established rule of practice in this State, that a certiorari, when sought to be used as a substitute for an appeal, must be applied for at the first term of the Circuit Court, after the rendition of the Justice’s judgment, unless some sufficient cause for the delay, be shown in the petition. Any other rule would render judgments very infirm and unstable, and often work great hardships upon innocent parties: Johnson & Turner vs. Deberry, 10 Hum., 439; Newman vs. Rogers, 9 Hum., 120; McMurry vs. Mitan, 2 Swan, 176.
But cases may arise in which the delay is certainly excusable, but such cases occur where there is no la-ches justly chargable to the party applying for the writ. This case does not present a state of facts free from this objection.
The record clearly shows the petitioner had full notice of the trial before the Justice, where it was his duty to have appeared, and with all proper diligence, availed *104 himself of every just defense in his power. He knew, at that time, that the plaintiff below had knowledge of the defense which he now seeks to avail himself of, but made no application, by petition, or otherwise, for a discovery, .under the provisions of the Code, secs. 3891-2; nor does it appear, that he attempted to set up any defense whatever; but promptly, and without asking an appeal, procured the stay of the execution, and remained quiet until after the judgment was transferred, and the stay of the execution almost expired, and then makes this application to remove the cause, by certiorari, into the Circuit Court.
Such laches, under our practice, cannot be allowed, at least, without showing diligence in procuring the testimony, upon which the party relies in his petition, which, in this case, is not attempted to be showp.
Affirm the judgment.